United States District Court
Southern District of Texas
**ENTERED**
September 06, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JAIME ELIZONDO | § | |
| (TDCJ #01440617), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:24-cv-00134 |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

**REPORT & RECOMMENDATION**

Petitioner, Jaime Elizondo, a state prisoner proceeding *pro se*, initiated this action on

March 13, 2024[1], by filing a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 1).

Respondent, Bobby Lumpkin, filed an answer to the writ of habeas corpus on July 29, 2024. (Dkt.

No. 9).

Petitioner seeks review of his conviction by court of one count of driving while intoxicated

with a child passenger from 2007. (Dkt. No. 11-1 at 21).[2] Generally, Petitioner alleges nine claims

---

[1] This date corresponds to when the petition was placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding § 2254 applications deemed filed on the date the inmate gives the petition to prison officials for mailing). The petition was docketed on April 1, 2024. (Dkt. No. 1 at 16-17).

[2] Respondent has filed state record along with its response. Said record is set out in Dkt. No. 11 and related filings within that entry. Citations are in reference to said docket filing and assigned CM/ECF page numbers to the relevant docket entries. Additionally, the Clerk of the Court will provide a copy of said filing with this Order to Petitioner as it contains a transcript of the bench trial and history of the proceedings. *See* R. Gov. Sec. 2254 Cases 5(c).

stemming from this conviction: (1) ineffective assistance of trial and appellate counsel; (2) unlawful arrest; (3) due process violation stemming from denial of compulsory process; (4) malicious prosecution; (5) no evidence in support of conviction; (6) denial of the right to confront witnesses; (7) denial of a speedy trial; (8) due process violation stemming from "malicious defense" and "conspiracy"; and (9) no probable cause to arrest. (Dkt. No. 1 at 6-13). Respondent argues the claims are time-barred from habeas review, and alternatively, the Petitioner failed to exhaust state remedies. (Dkt. No. 9).

After review of the filings, record, and relevant law, and for the reasons set forth below, this Court concludes that the claims are time-barred from review; therefore, the undersigned recommends that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED with prejudice**, and that the District Court **DECLINE** to issue a Certificate of Appealability in this matter.

## BACKGROUND

On June 7, 2007, Petitioner was convicted after a bench trial of driving while intoxicated with a child passenger and received a sentence of twenty (20) years imprisonment due to a sentencing enhancement[3], $10,000 fine, and court costs. (Dkt. No. 11-1 at 21). On June 15, 2007, Petitioner filed a "Motion for a New Trial and Motion in Arrest of Judgment" and a "Notice of Appeal." (Dkt. No. 11-1 at 29). On August 28, 2008, the Thirteenth Court of Appeals of Texas affirmed Petitioner's conviction. (Dkt. No. 11-4 at 1). No subsequent appeals in state court followed. (Dkt. Nos. 11-6, 11-7). On March 13, 2024, Petitioner filed a federal habeas petition. (Dkt. No. 1). Respondent subsequently filed an answer. (Dkt. No. 9).

_____

[3] The offense for which petitioner was charged is a state jail felony offense under Texas law; however, due to finding of "true" by the state district court as to sentencing enhancement for prior convictions, the punishment range was increased to that of a second-degree felony. (Dkt. No. 11-1 at 21; Dkt. No. 11-4 at 5). Punishment was increased to 2 to 20 years in prison for second-degree felony from the original 180 days to 2 years in prison for a state jail felony offense. (Dkt. No. 11-4 at 5); _see also_ Tex. Penal Code § 12.42(a)(2) (Vernon's 2003); Tex. Penal Code §§ 12.33(a); 12.35(a).

Thereafter, Petitioner filed a response requesting a copy of the state trial record, informing that Petitioner had requested the law library of Austin to send him copies of state trial record but it was unavailable, and that Petitioner sent copies of all his pleadings to the Thirteenth Court of Appeals, the Texas Court of Criminal Appeals, and the Supreme Court. (Dkt. No. 12 at 1-2).

## SUMMARY OF THE PLEADINGS

Petitioner puts forth nine grounds for habeas relief: (1) ineffective assistance of trial and appellate counsel; (2) unlawful arrest; (3) due process violation stemming from denial of compulsory process; (4) malicious prosecution; (5) no evidence in support of conviction; (6) denial of the right to confront witnesses; (7) denial of a speedy trial; (8) due process violation stemming from "malicious defense" and "conspiracy"; and (9) no probable cause to arrest. (Dkt. No. 1 at 6-13).

All grounds raised rest on the following allegations: Petitioner argues his trial counsel was ineffective because counsel did not object nor call any witnesses at trial. *Id.* at 6. Petitioner's appellate counsel was ineffective because counsel failed to argue the ineffective assistance of the trial lawyers and never notified Petitioner of any decisions as to his appeal. *Id.* Petitioner contends the arrest leading to his conviction was unlawful and based on a "false warrant," as the officer only informed Petitioner that he would be receiving a citation. *Id.* Petitioner alleges he was not notified of his trial date nor permitted to contact his only witness. *Id.* at 13. Petitioner notes there were no witnesses at his trial. *Id.* Petitioner also argues he never received any traffic citations nor was he subjected to a breathalyzer test, and thus there was no evidence to support his conviction. *Id.* at 11. Petitioner alleges he did not ask for any resets during his trial, and the trial court and his counsel both ignored his self-submitted speedy trial motions. *Id.* at 12. Petitioner reiterates the lack of evidence and lack of witnesses at his trial. *Id.* Finally, Petitioner believes he is entitled to

equitable tolling because he did not receive notification of his appeal decision from his attorney or the court, and he just now understands there were constitutional violations in his case. *Id.* at 15.

Respondent filed an answer alleging Petitioner's claim is barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[4]. (Dkt. No. 9 at 7-12). Respondent contends Petitioner's conviction became final on September 29, 2008, which started the statute of limitations clock. *Id.* at 8. Any habeas petition should have been filed by September 29, 2009, since no other provisions of the statute toll the limitations period and equitable tolling does not apply in this case. *Id.* at 9. Alternatively, Respondent argues Petitioner failed to exhaust all available state remedies before filing this federal habeas petition.[5] *Id.* at 12-14.

## APPLICABLE LAW AND ANALYSIS

### I.    28 U.S.C. § 2254

An application for a writ of habeas corpus by a person in custody under the judgment of a state court can only be granted on grounds that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas proceedings must honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). Relief, therefore, is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

---

[4] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[5] Additionally, Respondent contends venue is better suited in the Southern District of Texas, Victoria division. (Dkt. No. 9 at 1-3). However, based on the foregoing recommendation, there is no need to address this issue.

determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Before a state prisoner can present his habeas claims to a federal court, he must exhaust all his remedies in state court. In other words, the state court must have an opportunity to hear these claims first. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A), (c). Nevertheless, the federal application must be timely filed. Thus, Petitioner must exhaust his state remedies, and timely file, for his federal application to be heard.

## II.    Statute of Limitations and Equitable Tolling

AEDPA established a one-year period for filing habeas corpus petitions by persons in custody pursuant to the judgment of a state court, which "run[s] from the latest of" four specified dates. 28 U.S.C. § 2244(d)(1) (A-D). When none of these dates provide Petitioner with an avenue for relief, the petition may still be heard if it can be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner does not argue any of the statutorily specified exceptions apply in his case, but considering his *pro se* status, each possibility will be considered. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (courts "must construe the pleadings of *pro se* litigants liberally."). Petitioner does allege equitable tolling should apply in his case, so this will also be considered.

### a.    28 U.S.C. § 2244(d)(1)(A)

The first date in 28 U.S.C. § 2244(d)(1)(A), the "default", provides that absent any tolling, the one-year limitation period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In the present action, Petitioner filed a direct appeal to the Thirteenth Court of Appeals, which affirmed his conviction on August 28, 2008. Thereafter, Petitioner filed no subsequent appeals. Thus, the judgment became final thirty days after, on September 29, 2008.[6] Tex. R. App. P. 68.2(a); *Mark v. Thaler*, 646 F.3d 191, 195 (5th Cir. 2011) (noting state conviction becomes final once the time to seek further review expires). Therefore, absent any tolling, the one-year limitation period for filing a federal petition expired on September 29, 2009. 28 U.S.C. § 2254(d)(2). Petitioner filed this federal habeas petition on March 13, 2024. (Dkt. No. 1 at 16). This is over fourteen years too late. Thus, this statutory provision does not save Petitioner's claim.

### b. 28 U.S.C. § 2244(d)(1)(B)

Under § 2244(d)(1)(B), if unlawful state action creates an impediment that prevents Petitioner from filing, the one-year limitation period will not begin to run until such impediment has been removed. To invoke statutory tolling under § 2244(d)(1)(B), a prisoner must show that: (1) he was subject to state action, (2) that violated the Constitution or federal law, and (3) that state action prevented him from filing a timely petition. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

Petitioner does not allege any state impediment that justifies tolling the limitations period in his favor. Considering Petitioner's *pro se* status, the only allegation within his petition that could fit "state action" is that he never received any notification that his direct appeal was decided. Petitioner states neither his attorney nor the court nor "anyone in charge" provided him notice, and thus he could not challenge his conviction further. (Dkt. No. 1 at 15). However, this does not amount to state action giving rise to statutory tolling. Statutory tolling under § 2244(d)(1)(B) is only found in certain egregious circumstances, such as the county clerk failing to file a Petitioner's

---

[6] Because September 27, 2008, is a Saturday, the filing deadline is automatically extended to Monday, September 29, 2008. Tex. R. App. P. 4.1(a).

state habeas petition. *See Critchley v. Thaler*, 586 F.3d 318, 321 (5th Cir. 2009). Any other failure of a state to provide notice is considered under the equitable tolling provision, rather than this form of statutory tolling. *Id.* at n. 3 (citing *Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009) (holding that equitable tolling rules govern situations in which the state fails to provide notice of its ruling on a state habeas petition to a petitioner as required by Texas law). Notably, Petitioner never filed any state habeas petitions in this action.

Further, it is unclear if Petitioner has been incarcerated continuously since his conviction. Regardless, even when considering incarceration, tolling is not justified under § 2244(d)(1)(B). *See Barthelman v. Lumpkin*, No. CV 7:21-00146, 2022 WL 877318, at *10 (S.D. Tex. Jan. 25, 2022) (holding that incarceration is not a state action sufficient to justify tolling under § 2244(d)(1)(B) (citing *Felder v. Johnson*, 204 F.3d 168, 171 n.9 (5th Cir. 2000)), *report and rec. adopted*, *Barthelman v. Lumpkin*, No. 7:21-CV-00146, 2022 WL 874699 (S.D. Tex. Mar. 24, 2022). Because Petitioner failed to allege any state action preventing him from timely filing the present petition, § 2244(d)(1)(B) is inapplicable.

**c.    28 U.S.C. § 2244(d)(1)(C)**

Under § 2244(d)(1)(C), the limitation period may begin to run from the date the Supreme Court recognizes a new right and makes it retroactively applicable. None of Petitioner's claims assert a brand-new constitutional right. Thus, petitioner fails to make any argument that § 2244(d)(1)(C) applies.

**d.    28 U.S.C. § 2244(d)(1)(D)**

Under § 2244(d)(1)(D), the AEDPA limitation period may begin to run after judgment becomes final, starting on "the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence." This allows for tolling if new factual circumstances are discovered that were not and could not have been previously known.

Petitioner does not present any new factual evidence that could toll the limitations period under § 2244(d)(1)(D). Instead, Petitioner contends the evidence presented at his trial was insufficient to find him guilty, he does not allege any new evidence has been uncovered. (Dkt. No. 1 at 6-13). Thus, his untimeliness in filing this petition, is not justified on this basis.

### e. 28 U.S.C. § 2244(d)(2)

Under § 2244(d)(2), the one-year limitation period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). Petitioner only filed a direct appeal to his conviction, which was decided on August 28, 2008. Thus, there are no proceedings pending to toll the limitations period on this basis.

### f. Equitable Tolling

As discussed above, Petitioner fails to demonstrate any statutory tolling basis applies to his petition. Thus, the only remaining avenue for excusing his untimely filing is equitable tolling.

Equitable tolling applies only if Petitioner can show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (2010). As such, "courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To pursue his rights diligently, Petitioner must show "reasonable diligence", not "maximum feasible diligence." *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (quoting *Holland*, 560 U.S. at 653). Further, extraordinary circumstances are "external factors beyond [petitioner's] control; delays of the petitioner's own

making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citations omitted). Thus, "[e]quitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *see also Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022).

First, Petitioner contends the untimeliness of his petition should be excused because he did not receive an update from anyone regarding his appeals process. (Dkt. No. 1 at 15). Petitioner alleges he wrote to the Thirteenth Court of Appeals, the Texas Court of Criminal Appeals, and the Supreme Court, asking if discretionary review was still available in his case and sent copies of his letters, petitions, and motions.[7] (Dkt. No. 12 at 1). However, the Clerk for the Court of Criminal Appeals certified there were no records showing any petition for discretionary review nor any post-conviction writs of habeas corpus. *See* (Dkt. Nos. 11-6, 11-7). Regardless, even if Petitioner could show he did not receive notice of his state court appeal[8], he did not make any attempts to find out for almost fifteen years. Petitioner does not make any showing, besides his bare allegations, he attempted to contact his attorney or the state court for updates on his case back in 2008, or at any time thereafter, until now in 2024. Equitable tolling is not for those who "sleep on their rights."

---

[7] It is possible Petitioner means he sent copies of the current Petition to these courts; in which case the timeliness analysis does not change. Additionally, Petitioner alleges he sent copies of letters, petitions, and motions to the Honorable Judge Ricardo Hinojosa. (Dkt. No. 12 at 1). Again, it is possible Petitioner means his filings in the current case. Regardless, a search of records in the PACER system showed two cases before Judge Hinojosa, in 1993 and 1998. *See generally* Case No. 7:93-CR-00092; Case No. 7:98-CR-00296. Thus, Petitioner could not have complained of his 2008 state conviction at that time.

[8] Per Tex. R. App. P. 48.4, Petitioner's appeal attorney should have notified Petitioner of the decision in his appeal within five days, and informed Petitioner of his right to file a *pro se* petition for discretionary review. The record does not contain information showing this notice was or was not provided. *See generally* Dkt. No. 11.

*Coleman*, 184 F.3d at 403.  A petitioner who waits fifteen years to assert his rights for the first time cannot say his pursuit has been diligent.[9]

Second, Petitioner alleges equitable tolling is warranted because he did not have knowledge of the law and did not know his rights were violated until now.  (Dkt. No. 1 at 15).  However, not being familiar with the law or the proper processes, is not sufficient, even when proceeding *pro se*.  *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).  Further, it is clear Petitioner knew he could file his own motions, or at least write to the courts and attempt to assert his rights.  During his trial, Petitioner filed his own *pro se* motions, despite having counsel.  (Dkt. No. 11-1 at 15-19).  Yet, Petitioner does not establish outside of his asserted statements in his response that he attempted to contact his appellate counsel, or that he wrote to the state appellate court for updates.  Importantly, he never filed a state habeas petition either.

Third, Petitioner states his first language is not English, and this caused him delays in understanding his rights and the law.  Unfortunately for Petitioner, lack of proficiency in English is not an adequate basis for equitable tolling.  *Composano v. Dir., TDCJ-CID*, No. 6:16-CV-1052, 2017 WL 2608249 (E.D. Tex. Apr. 4, 2017) (citations omitted).

---

[9] Traditionally, diligence has only been demonstrated in cases where specific attempts were made to file habeas petitions prior to the limitations period or where specific impediments prevented timely filing.  *See Ekwere v. Davis*, No. 7:19-CV-0092, 2020 WL 5219560, at *10-11 (S.D. Tex. Feb. 28, 2020) (holding that petitioner was not diligent in pursuing his claims where he did not attempt to contact the State Bar of Texas or his trial counsel until after the habeas filing deadline), *report and rec. adopted*, No. CV M-19-092, 2020 WL 5215408 (S.D. Tex. Sept. 1, 2020), *motion for relief from judgment denied*, No. CV M-19-092, 2021 WL 4484085 (S.D. Tex. Sept. 1, 2021).

Furthermore, much shorter delays in filing have failed the "diligent pursuit" standard.  *Harrison v. Stephens*, No. CIV.A. H-14-2991, 2015 WL 350788, at *3 (S.D. Tex. June 3, 2015) (holding that petitioner is not eligible for equitable tolling because petitioner "did not diligently pursue habeas relief when he waited almost eleven months after expiration of the limitations period to file his state petition and over thirty months to file his Federal Petition").  *See also, Hicks v. Director, TDCJ-CID*, No. 2:16-CV-865, 2017 WL 2982014, at *3 (E.D. Tex. Apr. 11, 2017) (noting that a petitioner who waited more than four years to challenge his conviction was not diligent in pursuing relief).

As discussed, petitioner was not diligent in pursuing his rights and shows no extraordinary circumstances justifying his untimeliness. Thus, Petitioner is not entitled to equitable tolling and his federal habeas petition is untimely filed.

### III.    Petitioner's Claims

As the undersigned recommends this case be resolved on statute of limitations grounds, only such arguments are addressed, and all Petitioner's claims are deemed time barred. *Cf. United States v. London*, 937 F.3d 502, 509-10 (5th Cir. 2019) (Costa, J., concurring) (noting that the Supreme Court encourages "courts to 'first resolve procedural issues' before answering constitutional questions" (quoting *Slack v. McDaniel*, 529 U.S. 473, 485 (2000)).

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, Petitioner's claims are barred by the relevant statute of limitations and are not subject to equitable tolling or a demonstrative claim that failure to consider the underlying claims will result in a fundamental miscarriage of justice; therefore, the undersigned recommends that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED with prejudice**. Petitioner's § 2254 case should be closed.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability. Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11. Because the undersigned recommends the

dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability ("COA").

A COA "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When a claim is denied on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A petitioner may satisfy this requirement by showing, in the alternative, that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's habeas petition is being denied. Reasonable jurists would not find it debatable that Petitioner has failed to set forth a valid claim of denial of a constitutional right or that the court was incorrect in its procedural ruling as to each of the claims being time-barred from habeas review. Therefore, it is recommended that the District Court deny a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained

in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**SIGNED** at McAllen, Texas, this 6th day of September 2024.

Juan F. Alanis
United States Magistrate Judge